ELI BRUMBLE *v.* W. J. BROWN, Ex'r. of R. KING, deceased.

It is a rule of this and all other Courts of error, that an exception will not be considered, which does not specifically and distinctly point out the error alleged and show wherein the error is conceived to consist.

A plea of set off or counter-claim refers to the commencement of the action, and must be true and good at that date; and if it is not barred by the statute of limitations at that time, it does not become so afterwards, during the pendency of the action.

An officer, who receives notes for collection is bound on demand of settlement:

(1.) Either to return the notes, or to show some sufficient reason for for not doing so;

(2.) If the notes were solvent when received by him, even if he offers to return them, he is liable, unless he shows that he used reasonable diligence, and failed to collect them;

(3.) If it be shown that he received any given note, although it be not shown that it was insolvent, yet if he fails to return it, there is a presumption of fact, that he either collected it or converted it to his own use. This presumption may be repelled by evidence, that the note could not have been collected, or that it has been accidentally lost or destroyed, or any other evidence tending to repel the presumption of its collection or conversion.

(*Hampton* v. *Leary*, 3 Dev. & Bat., cited and approved.)

This was a CIVIL ACTION against the defendant, as executor of one R. King, sheriff, tried on exceptions to the report of a referee, before *Clarke, J.,* at the Special (January) Term, 1874, of ROBESON Superior Court.

The plaintiff had, from 1853 to 1858, placed in the hands of the defendant's testator, R. King, who was sheriff of Robeson county, a large number of notes, accounts and judgments against sundry citizens for collection, and this suit is brought to recover the amounts collected, or ought to have been collected, on the same. It was originally brought on the official bond of King, but subsequently the pleadings were amended and the bond withdrawn.

At the Special (January) Term, 1873, it was referred to W.

S. Norment to state an account between the parties, whose report was filed, Fall Term, 1873, and time allowed to the ensuing term to except thereto. The exceptions were argued, and the plaintiff being dissatisfied with the rulings of his Honor, appealed.

The facts pertinent to the points considered in this Court are stated in the opinion of Justice RODMAN.

*French, Jones & Jones* and *N. McLean*, for appellant.
*N. A. McLean* and *Leitch*, contra.

RODMAN, J. The report of the referee is carefully and intelligibly drawn up. But this Court has a right to complain that there is no clear statement of the exceptions which the plaintiff (who is the appellant) takes to the decision of the Judge below upon the several exceptions to that report. They are so general and indefinite as to make it impossible to say with certainty in what particulars it is contended that his Honor erred. When an appellant excepts to and appeals from the decision of a Judge upon an exception to a report, it is his duty to refer to the particular exception, and if necessary to an understanding of the case, to recite so much of the report as finds the facts bearing on the exception. In the present case the plaintiff's exceptions to the judgment below are as follows:

"To the rulings of the Court as above stated, plaintiff's counsel excepted as follows:

"1st. That the counter-claims offered by said defendant, except Nos. 9 and 10, are not barred by the statute of limitations.

"2d. That in this action it is incumbent on the plaintiff to show payments and that the defendant is bound only to account for such, and no payments being shown, no balance can be ascertained."

The contradiction of these to what precedes is apparent, when it is seen that plaintiff *must* have contended that the counter-claims *were* barred, and that it was *not* incumbent on

plaintiff to show that the defendant had received payment of the claims given to him to collect, but that the burden was on him to show that he had not received payment, and could not by reasonable diligence have done, and that it was his duty in such case to have returned the notes. That this was the meaning intended, we gather partly from the proceedings and partly from the arguments of plaintiff's counsel. But, at last, it is conjectured.

We may infer, contrary to the language of the exceptions, that they are intended to set forth the rulings of the Judge which are excepted to. But that is done in an indefinite way, and requires of this Court to go through the whole report and all the exceptions thereto and pick out all the facts bearing on each, and to examine his Honor's conclusions on each. For example, we are required to find and note the facts in detail respecting each counter-claim.

We have made this criticism in order to show the occasion for the rule, which is not peculiar to this Court, but prevails universally in Courts of error, *that an exception will not be considered which does not specifically and distinctly point out the error alleged, and show wherein the error is conceived to consist,* without the necessity of referring to the pleadings or proceedings, except for the purpose of verification of what is stated in the exception.

When we go back to the exceptions of defendant to the report, they are indefinite. Exception VII, which was sustained by the Judge, is as follows: "Defendant excepts to the report of referee in this: That he excludes all the counter-claims of the defendant, notwithstanding the fact that they were of a date subsequent to the claims of the plaintiff." No particular counter-claims are designated to which attention is directed, and the only reason assigned why the referee should not have excluded the counter-claim is the indefinite one that it was of date subsequent to the claim of the plaintiff. The reason is certainly an insufficient one. A counter-claim may

be later in date than the plaintiff's claim, and yet bad on many accounts.

We turn to the counter-claim in the report. It is of a note not under seal for $142.32, dated 2d October, 1858, payable one day after date, made by Brumble to King. The objection to this is, that it was barred by the statute of limitations. By calculation, we ascertain that three years (excluding the time excluded by statute,) had not elapsed at the date of the action, but more than three years had elapsed when the counter-claim was pleaded. This presents us with a tangible point of difference between the parties.

We think the law is clear that a plea of set off (as the plea in reference to this note is,) or of counter claim, refers to the commencement of the action, and must be true and good at that date. *Haughton* v. *Leary*, 3 D. & B., 21. And if not barred by the statute at that time, it does not become so afterwards during the pending of the action. *Walker* v. *Clements,* 15 A. & E.; N. S., 1046; 69 E. C. L. R.              .

We think the defendant should have been allowed this set off. We think the decision of the referee excluding this set off, is covered by the VII exception of the defendant, which the Judge sustained. His Honor committed no error in this respect. This decision will probably cover many of the counter claims. It is not our duty to pick them out.

It may not be useless to say here that a *payment* can never go out of date.

The next point which probably was intended to be made, seems to arise upon the Judge's ruling on exception IX of defendant to the referee's report. The exception was that the report found $2,649.75 due plaintiff, when his claim was barred by the statute of limitations, by reason that the agency of defendant's testator terminated with his office; and when "it did not appear that as agent his testator either did, or could by the utmost diligence, have collected all or any of the claims mentioned in plaintiff's complaint."

On this exception, the Judge held that the statute did not bar the plaintiff.

In this we concur with him, the statute began to run only from the demand.

He further held " that it was incumbent on the plaintiff to show payment, and that defendant is bound only to account such, and no payments being shown, no balance can be ascertained."

We do not profess to be able to understand this language with certainty, but we may without injustice suppose it to mean, that the defendant should not be held liable for any of the claims placed in his hands for collection, unless it was proved that he had actually collected it.

We think upon this construction, his Honor's ruling was erroneous.

An officer who receives notes for collection, is bound on demand of settlement:

1. Either to return the notes, or to show some sufficient reason for not doing so.

2. If the notes are proved to have been solvent when received by him, he is liable, unless he shows that he used reasonable diligence, and failed to collect them.

3. He is liable for any sum he is proved to have collected on any given note.

4. If it be shown that he received any given note, although t be not shown that it was insolvent, yet if he fails to return it, there is a presumption of fact, that he either collected or converted it to his own use.

5. This is a mere presumption of fact, and may be repelled, as for example, by evidence that the note could not have been collected, or that it has been lost or destroyed by accident, or by any other evidence tending to repel the presumption of its collection or conversion.

These principles are drawn from a comparison of the numerous cases in our Reports on the liability of collecting officers. They are necessarily general, and may be subject to ex-

ceptions, because the question which appears to be presented, is general, and without details permitting of a minute application of the law.

We think his Honor was right in his judgment respecting the receipts given by the Clerk of Cumberland Court, and that by French. If King paid the first of these as surety of Brumble, he is entitled to credit for it. So if French was the agent of Brumble and King paid him the amount stated in the receipt, we think there was the error stated in his Honor's rulings.

PER CURIAM.    Judgment reversed in the respect indicated. Case remanded to be proceeded in, &c. Let this opinion be certified.