ELI BRUMBLE v W. J. BROWN, Ex'r. of REUBEN KING.

An order of the Judge of the Superior Court re-referring a report to the referee, directing him "to reform his report in accordance with the decision of the Supreme Court, and that his amended report, so re-formed, be the judgment of the Court," is erroneous for the reason, that it deprives the parties of the right to except to the report for any errors which might be therein contained; and also because it allows the referee to determine what the judment of the Court shall be.

The measure of damages against a collecting agent, is the amount which he collected, or which he might have collected and did not, and the same is lost by his negligence. For simply failing to return an insolvent debt, the damage is nominal.

CIVIL ACTION against a collecting officer, tried on exception to the report of a referee, at Spring Term, 1875, of the Supe$^s$ rior Court of ROBESON county, *Kerr, J.* presiding.

The facts of this case are fully stated in the report of the same, when it was before this Court at June Term, 1874, and when the case was remanded for further proceedings. See 71 N. C. Rep. 513.

On the last trial in the Court below, the record of January (Special) Term, 1873, was so amended as to show, that the reference to W. S. Norment was by consent. Also the order made at Fall Term, 1874, referring the case to Platt D. Walker, Esq., was vacated ; and the cause was heard upon the former report of Norment, the referee and the exceptions thereto, as allowed or modified by the opinion and judgment of this Court the said June Term, 1874.

On the trial below, the defendant asked that the Court would submit the following issue, to be passed upon by a jury, to-wit : What amount, if any, the testator of the defendant, Reuben King, could by due diligence have collected of the claims placed in his hands by the plaintiff, Eli Brumble ? This ssue, the Court refused to submit the jury.

After argument, his Honor ordered, that W. S. Norment, the former referee, reform his report in accordance with the decision of the Supreme Court, rendered in this cause at June Term, 1874; and that his amended report so reformed, be the judgment of this Court. From this judgment, the defendant appealed.

*Leitch* and *A. A. McLean,* for appellants.
*W. S. French,* contra.

READE, J. The order referring the matter to Norment "to reform his report in accordance with the decision of the Supreme Court; and that his amended report so reformed, be the judgment of the Court," was erroneous, because it deprived the parties of the right to except to the report for any errors which might be therein ; and because it allows the referee to determine what the judgment of the Court should be. No doubt his Honor puts his order in that form because he supposed that the corrections to be made were mere matters of *calculation,* in regard to which the referee could not err under the opinion of the Supreme Court, to which he meant implicit deference. But in this it seems he was in error; as well he might have been, from the confusion in which the case was involved.

We learn from the record and from the argument at this Bar, that there has been no investigation as to the solvency of the debts put into the hands of the defendant's intestate for collection. There certainly ought to be an enquiry upon that subject. And the inquiry may be embraced in the order of reference; as it is too late for the parties to insist upon a jury trial as a *matter of right.* The measure of damages against the collecting agent will be the amount which he collected ; or which he might have collected and did not, and the same is lost by his negligence. For simply failing *to return* an insolvent note the damage is nominal.

As to the burden of proof the authorities are conflicting ;

and, unless the parties choose to risk the substance for the shadow, it may not arise. And therefore we prefer not to decide it, unless it be directly presented.

There is error. This will be certified.

PER CURIAM. Judgment accordingly.