Gardner v. Brady

JAMES H. GARDNER AND WIFE, BLANCHE A. GARDNER v. MARY GARDNER BRADY AND HOWARD T. GARDNER

INCORRECTLY CAPTIONED

"IN RE: FORECLOSURE OF DEED OF TRUST FROM HOWARD T. GARDNER (SINGLE) RECORDED IN BOOK 881, PAGE 343, IN THE RANDOLPH COUNTY REGISTRY"

No. 7219SC158

(Filed 23 February 1972)

Appeal and Error § 6— appeal from interlocutory orders — motion to strike portions of answer — appointment of guardian ad litem

No appeal lies from interlocutory orders allowing petitioners' motion to strike portions of one respondent's answer and further answer and affirming the clerk's appointment of a guardian ad litem for another respondent.

APPEAL by respondent, Mary Gardner Brady, from *Johnston, Judge,* 20 September 1971 Session of Superior Court held in RANDOLPH County.

This proceeding was brought to determine ownership and obtain distribution of certain funds on deposit with the clerk of superior court. The funds in question resulted from foreclosure of a deed of trust on real property, and represent the balance remaining after payment in full of the secured indebtedness and all costs of foreclosure. Respondent, Mary Gardner Brady, appealed from two orders entered by the judge of superior court, one of which allowed petitioners' motion to strike certain portions of the appealing respondent's answer and further answer, and the other of which affirmed an order of the clerk which appointed a guardian ad litem for the respondent, Howard T. Gardner.

*Miller, Beck & O'Briant by Adam W. Beck for petitioner appellees.*

*Ottway Burton for respondent appellant, Mary Gardner Brady.*

PARKER, Judge.

Rule 4 of the Rules of Practice in the Court of Appeals of North Carolina, as the same has been in effect since it was prescribed and adopted by the Supreme Court on 20 January 1971, is as follows:

"4. The Court of Appeals will not entertain an appeal:

From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of certiorari within thirty days from the date of the entry of the order ruling on the motion."

Each of the orders here appealed from was a ruling by the judge of superior court on an interlocutory motion. No petition for writ of certiorari was filed. Under Rule 4, the appeal is

Dismissed.

Chief Judge MALLARD and Judge MORRIS concur.