Barnes v. Rorie

―――――――

OLIVER RAY BARNES v. LACY LEE RORIE AND PEARLIE MAE WALDEN

No. 7219SC230

(Filed 28 June 1972)

1. **Appeal and Error § 6— appeal from interlocutory orders — dismissal**

    The appellate court dismissed as premature plaintiff's attempted appeal from interlocutory orders striking from plaintiff's replies allegations concerning an insurance company and the reputation for wreckless driving and criminal record of defendant automobile driver, and allowing each defendant to file a "Reply to Plaintiff's Reply" alleging that plaintiff had waived his defense of the statute of limitations, since none of the interlocutory orders affected a substantial right and plaintiff will suffer no substantial harm if the trial court's orders are not reviewed by the appellate court prior to the trial of the cause on the merits.

2. **Rules of Civil Procedure § 7; Trial § 5— pleadings — reading to jury**

    Pleadings are not to be read to the jury, unless otherwise ordered by the trial judge. G.S. 1A-1, Rule 7(d).

Barnes v. Rorie

**3. Pleadings § 32; Rules of Civil Procedure § 15— amendment of pleading to conform to evidence**

Although the trial court struck plaintiff's allegation that defendant automobile owner was negligent in permitting defendant driver to use her automobile when she knew the driver's reputation for reckless driving, if upon the trial plaintiff offers evidence to support such theory, the court may then allow the pleadings to be amended to conform to the proof. G.S. 1A-1, Rule 15(b).

**4. Pleadings § 17; Rules of Civil Procedure § 7— "Reply to a Reply" — counterclaim — statute of limitations — waiver**

Although there is no such pleading as a "Reply to a Reply," G.S. 1A-1, Rule 7(a), plaintiff was not prejudiced by an order allowing defendants to file such a document alleging that plaintiff had waived the statute of limitations as a defense to defendants' counterclaims by filing his complaint, where the question of whether defendants' counterclaims are barred by the statute of limitations is appropriately presented and can be decided on the pleadings properly filed in the case.

APPEAL by plaintiff from *Johnston, Judge,* 13 December 1971 Session of Superior Court held in RANDOLPH County.

This civil action was commenced 26 May 1970 to recover $400.00 for damages to plaintiff's automobile resulting from a collision which occurred on 27 May 1967. Plaintiff alleged that an automobile owned by and registered in the name of the defendant, Pearlie Mae Walden, was being driven by the defendant, Lacy Lee Rorie, acting as her agent, when it struck and damaged plaintiff's parked vehicle, and that the collision was caused by the actionable negligence of the defendant driver. On 24 July 1970, within apt time as extended by a consent order, defendants filed answers and counterclaims, in which they admitted that the automobile which struck plaintiff's parked car was owned by and registered in the name of defendant Walden and was being driven by defendant Rorie with her consent, but denied other material allegations of the complaint. Defendants denied negligence on the part of the defendant driver, pleaded contributory negligence on the part of plaintiff in leaving his parked car unlighted and unattended at night on the main traveled portion of the highway, and counterclaimed for damages caused by plaintiff's actionable negligence. In these counterclaims defendant Rorie seeks recovery of $30,000.00 for personal injuries and defendant Walden seeks recovery of $1,200.00 for damages to her car.

Plaintiff filed replies alleging (1) that the counterclaims of defendants were barred by the statute of limitations, G.S. 1-52; (2) that the defendants had been persuaded to file the counterclaims by the agents and adjusters of the Security Insurance Company as a purported defense to plaintiff's claim; and (3) that defendant Walden was negligent in permitting defendant Rorie to use her automobile for the reason that he had the reputation, which was known to defendant Walden, of being reckless in his operation of an automobile. A "list of some of his [defendant Rorie's] criminal violations" was attached to the replies as an exhibit, which plaintiff asked to be incorporated into the replies.

The trial court allowed defendants' motions to strike from plaintiff's replies the allegations concerning the Security Insurance Company and concerning the reputation for reckless driving and the criminal record of defendant Rorie. The trial court also entered orders allowing each defendant to file "a Reply to Plaintiff's Reply," alleging that the counterclaims "arose out of the same cause of action as that in the complaint; and that by the filing of the complaint the Plaintiff waives his defense of Statutes of Limitations to the counterclaim."

To the entry of the orders striking the allegations from his replies and allowing each defendant to file a "Reply to Plaintiff's Reply," plaintiff excepted and gave notice of appeal.

*Ottway Burton for plaintiff appellant.*

*W. Samuel Shaffer II for defendant appellees.*

PARKER, Judge.

Rule 4 of the Rules of Practice in the Court of Appeals as adopted by our Supreme Court on 20 January 1971, is as follows:

"4. *Appeals—When Not Entertained.*

The Court of Appeals will not entertain an appeal:

From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he

Barnes v. Rorie

will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of certiorari within thirty days from the date of the entry of the order ruling on the motion."

[1]   The orders from which plaintiff here attempts to appeal were rulings by the trial judge on interlocutory motions. No petition for writ of certiorari was filed. None of these interlocutory orders affected a substantial right and plaintiff will suffer no substantial harm if the trial court's rulings are not reviewed by this Court prior to the trial of the cause on its merits. Therefore, plaintiff's attempted appeal must be dismissed. *Gardner v. Brady*, 13 N.C. App. 647, 186 S.E. 2d 659.

[2-4]   Pleadings are not to be read to the jury, unless otherwise ordered by the trial judge, G.S. 1A-1, Rule 7(d), and if upon the trial plaintiff offers evidence to support his alternative theory that the owner-defendant was liable because of negligence in allowing her car to be driven by a person known by her to be a reckless driver, the court may then allow the pleadings to be amended to conform to the proof, G.S. 1A-1, Rule 15(b). While there is no such pleading as a "Reply to a Reply," G.S. 1A-1, Rule 7(a), we perceive no harm to plaintiff in this case in the order allowing defendants to file such a document. The question of whether defendants' counterclaims are barred by the statute of limitations is in any event appropriately presented and can be decided on the pleadings properly filed in this case. (On this question, see: *Brumble v. Brown*, 71 N.C. 513; 1 McIntosh, N.C. Practice and Procedure, 2d, § 327.)

Fragmentary appeals serve principally to delay disposition of causes upon their merits. It is a sound policy of our law not to permit appeals from interlocutory orders unless they affect substantial rights in such manner that the party whose rights are adversely affected will suffer substantial harm if the interlocutory ruling is not reviewed by the appellate court prior to trial of the cause on its merits. On the present record, such is not the case. Plaintiff's attempted appeal is

Dismissed.

Judges BRITT and HEDRICK concur.