**Travis GORDON ex rel. Roger GORDON and Kathy Gordon**

v.

**BOARD OF EDUCATION OF HOWARD COUNTY, et al.**

Civil No. Y–98–1015.

United States District Court, . D. Maryland.

Oct. 7, 1998.

**500**

Beth A. Jackson, Ellicott City, MD, for Plaintiffs.

Jeffrey A. Krew, Columbia, MD; Hon. J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, MD; JoAnn Goedert, Assistant Maryland Attorney General, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

Plaintiff Travis Gordon, through his parents, filed this case under the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act, the Disabled Children's Protection Act, and 42 U.S.C. § 1983. The gravamen of the complaint is that the Howard County Board of Education ("HCBE") and the Maryland State Department of Education ("MSDE")[1] failed to provide Plaintiff a free appropriate public education under the IDEA by failing to place him in a program specifically designed for autistic students, failing to provide for his medical needs, and failing to place him in a program providing him educational benefits.

Plaintiff properly exhausted his state administrative remedies. After proceedings in the school system, Plaintiff appealed to the Maryland Office of Administrative Hearings. The state ALJ found that the HCBE provided an appropriate individualized education program and placement for the 1997–98 academic year. This action followed.

---

1. The suit also names Nancy S. Grasmick in her official capacity as Superintendent of the MSDE. The Court refers to the MSDE and Ms. Grasmick collectively as the "State Defendants."

Plaintiff and the State Defendants have filed cross-motions for summary judgment. The Court denied Plaintiff's motion by marginal order on May 18, 1998, finding serious factual disputes precluded the entry of judgment. At that time, the State Defendants' motion was not ripe for review, but has since ripened.

## II.

The sole issue presented is whether the State Defendants may as a matter of law be liable for any failure of the HCBE to provide a free appropriate public education to Plaintiff. The Court expresses no opinion at this time about whether the HCBE is, in fact, liable under the IDEA.

■ In *Gadsby ex rel, Gadsby v. Grasmick*, 109 F.3d 940 (4th Cir.1997), the Fourth Circuit addressed the issue of whether a State education agency, like the MSDE, may be liable when the local education agency fails to provide a free appropriate public education. Applying well-worn canons of statutory interpretation, *see id.* at 952–53, the court found as a general matter that the State education agency is liable under the IDEA if it fails to ensure that the local education agency complies with the Act. *Id.* at 952. The court further found that when a local department is either unable or unwilling to establish and maintain programs that comply with the IDEA, the State agency must provide those services. *Id.* at 953.

■ In *Gadsby*, the precise issue presented was whether the MSDE was liable for reimbursement costs of a child's private school tuition. In applying the principles just discussed, the court reasoned that, in fashioning this discretionary, equitable, remedy, one relevant factor in determining the State's liability is the State agency's relative degree of responsibility. Thus, if the State agency is primarily at fault, the State agency is liable, but if the local agency is primarily at fault, the State is not liable. *Id.* at 955. The court also permitted the district court to consider the reasonableness of the tuition costs in fashioning an award. *Id.* However, as Plaintiff correctly notes, the latter factor is not an issue here.

## III.

The State Defendants correctly note that Plaintiff has failed to produce evidence that Plaintiff complained to the MSDE about the HCBE's failure to provide a free appropriate public education. Further, the State Defendants have produced evidence supporting their cross-motion that Plaintiff only complained to MSDE about the HCBE's alleged failure to provide a free appropriate public education after the due process hearings at the OAH were underway, and that U.S. Department of Education guidelines prohibit MSDE from addressing any portion of complaints made to it that are the subject of a pending due process hearing. *See* State Defs.' Cross–Mot. for S.J., Exhs. 2 & 3. Because Plaintiff's complaint to MSDE involved the same issues as the due process hearing that was already underway when Plaintiff put the MSDE on notice of HCBE's allegedly illegal behavior, the State Defendants were prohibited from considering the issue.

■ Under these circumstances, even assuming that the HCBE failed to provide a free appropriate public education under the IDEA, the Court cannot as a matter of law consider the State Defendants primarily responsible under *Gadsby*. The MSDE cannot ensure that the HCBE lived up to its obligations under the IDEA when Plaintiff failed to bring the issue to the State's attention until after the institution of administrative review proceedings. Nor has Plaintiff produced evidence demonstrating that the State, in the exercise of due diligence, should have been aware of the problem in this specific case. Additionally, the fact that Federal Department of Education policy forbids the State from acting on a complaint when a State due process hearing is pending excuses the MSDE from providing those services because that would be one obvious method for "addressing" "any part of the complaint", which the federal policy prohibits.

A further reason for granting the State Defendants' motion is that Plaintiff has failed, in response to the State Defendants' motion, to demonstrate a genuine issue for trial. Of course, the party seeking summary

judgment must initially demonstrate an absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden only requires the movant to produce evidence demonstrating the lack of a genuine factual dispute. *Id.* In response, the non-movant must demonstrate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 817 (4th Cir.1995). The non-movant's failure to do so results in the entry of judgment against them. *Strag v. Board of Trustees,* 55 F.3d 943, 951 (4th Cir.1995). Here, the State Defendants have produced evidence demonstrating their lack of liability under the standard established in *Gadsby* on the facts of this case. Plaintiff has offered nothing in response demonstrating the State Defendants' primary responsibility for HCBE's actions, or that a genuine factual dispute exists as to this issue.

In sum, the Court holds that the State Defendants cannot, as a matter of law, be liable for HCBE's alleged violations of the IDEA. Accordingly, the Court will grant the State Defendants' cross-motion for summary judgment, and the case will proceed as to the remaining Defendants. The Court dispenses with a hearing because the record before the Court adequately presents the relevant facts and legal contentions and oral argument would not significantly aid the decisional process. Local Rule 105(6).

### ORDER

In accordance with the attached Memorandum, it is this 7th day of October 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That the State Defendants' Cross–Motion for Summary Judgment (Paper No. 8) BE, and it hereby IS, GRANTED; and

2. That Judgment BE, and it hereby IS, ENTERED for Defendants Maryland State Board of Education and Nancy S. Grasmick; and

3. That copies of this Memorandum and Order be mailed to counsel for the parties.