Mark Andrew **FRITSCHLE**, et al., Plaintiffs,

v.

John M. **ANDES**, et al., Defendants.

No. Civ.AMD. 98–1694.

United States District Court, D. Maryland.

Nov. 9, 1998.

Matthew B. Bogin, Michael J. Eig, Bogin & Eig, Washington, DC, for Plaintiffs.

P. Tyson Bennett, Eric C. Brousaides, Reese & Carney, LLP, Columbia, MD, JoAnn Goedert, Assistant Attorney General State of Maryland, Office of the Attorney General, Baltimore, MD, for Defendants.

## MEMORANDUM

DAVIS, District Judge.

This action was brought by Mark and Diane Fritschle, (the "Fritschles"), in their own right and on behalf of their son, Mark Andrew ("Drew"), pursuant to the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 *et seq.* The Fritschles allege that the Worcester County Board of Education, and its Superintendent, John M. Andes, (together, "WCBE") denied Drew a free appropriate public education, ("FAPE"). On December 4, 1997, an Administrative Law Judge ("ALJ") found that WCBE violated the IDEA and deprived Drew of a FAPE in 1995–96 by failing to identify Drew's special education needs and develop an adequate individualized education plan ("IEP"). Thus, the ALJ ordered WCBE to reimburse the Fritschles for their expense in placing Drew in private school. The ALJ also found that WCBE did not deprive Drew of a FAPE for the 1996–97 school year and accordingly, denied reimbursement for that year.

The Fritschles appealed to this court, seeking to reverse the ALJ's decision denying reimbursement for the 1996–97 school year. WCBE did not appeal but it purported to file a "counterclaim," asking this Court to reverse the ALJ's decision ordering reimbursement for 1995–96. In addition, WCBE filed a third party complaint against the Maryland Superintendent of Schools, Nancy S. Grasmick, and the Maryland State Department of Education, (together, "the State defendants").

Pending before the Court is the Fritschles' Motion to Dismiss WCBE's "Counterclaim" and the State defendants' Motion to Dismiss, or in the Alternative for Summary Judgment as to the third party complaint. These matters have been thoroughly briefed and no hearing is necessary. For the reasons stated below, I will grant both motions to dismiss.

## I. FACTS

Drew, who is 17, has qualified for special education services since he was seven years old. He attended the Salisbury School, a private educational facility, until the fourth grade. For the first half of fifth grade, he attended Ocean City Elementary School, a WCBE public school; however, he returned to the Salisbury School for the remainder of that year and remained there until May 1995, the end of his eighth grade year. During April 1995, Ms. Fritschle met with WCBE officials to discuss placing Drew in a WCBE public school for the ninth grade. She alleges that she presented the school with an evaluation of Drew that indicated his learning disabilities and requested that WCBE develop an IEP for him. WCBE allegedly refused to create an IEP for Drew until he was enrolled in the public school. School officials allegedly planned to schedule an ARD meeting[1] immediately prior to the school year, if Drew enrolled in the public school.[2] Consequently, Ms. Fritschle enrolled Drew at the Kildonan private school.

A due process hearing was convened before ALJ Showater.[3] The ALJ first addressed the Fritschles' preliminary argument

---

1. In Maryland, meetings dedicated to assess a student's special education needs and design an IEP are called "Admission, Review, and Dismissal" ("ARD") committee meetings. *See* COMAR §§ 13A.05.01.08 & .09.

2. WCBE alleges that it scheduled an ARD meeting to develop an IEP for Drew in late August 1995, but Ms. Fritschle did not attend, as she had already enrolled Drew in private school.

3. The Fritschles initially requested a due process hearing in December 1995. After negotiating with WCBE officials, they agreed to postpone their request in order to convene an ARD meeting and develop an IEP for Drew's 1996–97 school year. This IEP was developed on April 11, 1996, which the Fritschles refused to sign.

After reinstating their request for a due process hearing, a hearing was initially convened on August 2, 1996, in the course of which both parties agreed to the designation of an impartial expert to evaluate the sufficiency of the 1996–97 IEP. The expert completed his report on December 21, 1996. After this expert indicated flaws with the IEP, WCBE appointed its own expert to evaluate the IEP. WCBE's expert concluded that the plan was appropriate.

that Md.Code. Ann., Educ. § 8–413(c) should not be applied.[4] The ALJ concluded that the Office of Administrative Hearings had proper jurisdiction over the case and that the application of the one tiered administrative hearing procedure was not improper. The ALJ issued a final decision on December 4, 1997, finding that WCBE did not provide Drew with a FAPE for the 1995–96 school year, and thus the Fritschles should be reimbursed for the cost of placing Drew in private school. In addition, the ALJ determined that with certain modifications, the 1996–97 IEP was appropriate. Thus, she declined to order reimbursement for that school year. Both parties appealed to this court.

## II. THE FRITSCHLES' MOTION TO DISMISS WCBE'S COUNTERCLAIM

The Fritschles have filed a motion to dismiss WCBE's counterclaim,[5] alleging that it was filed after the statute of limitations specified by Maryland law.[6]

"[W]ithin 180 calendar days of the issuance of the hearing decision, any party to the hearing may file an appeal from a final review decision of the Office of Administrative Hearings to the federal District Court for Maryland or to the circuit court for the county in which the student resides." Md. Code Ann., Educ. § 8–413(h).

See also Board of Educ. of Montgomery County v. Brett Y., 1998 WL 390553, *2 (4th Cir. June 26, 1998) (citing § 8–413(h)). The

ALJ issued her final decision on December 4, 1997. Thus, the statute of limitations to file an appeal expired on June 2, 1998.

■ Having failed to appeal the portion of the ALJ's decision adverse to it, WCBE filed a counterclaim seeking reversal of the adverse ALJ ruling on June 26, 1998, 24 days after the applicable limitations period. WCBE argues, however, that because the counterclaim is compulsory, that is, because it "arises out of the same transaction or occurrence as plaintiff's claim," the statute of limitations should be tolled at the time of the plaintiff's filing of the complaint; thus, it should be treated as if the counterclaim was timely filed. See 6 Charles Alan Wright, et. al., Federal Practice and Procedure, §§ 1403, 1419 (2nd ed.1990). See also Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983) (holding that "the institution of the plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.") (citation omitted). I reject WCBE's contention because, although the rule in this Circuit is that the statute of limitations for a compulsory counterclaim is tolled upon the filing of a timely complaint, the rule is simply not applicable here.

■ WCBE's action, although pled in a "counterclaim," is in reality an appeal of an adverse administrative agency decision. WCBE seeks simply to have this Court "re-

---

**4.** See infra, section III for a discussion of the amended Md.Code Ann., Educ. § 8–413(c), which replaced the two levels of IDEA administrative review with one state level hearing.

**5.** A motion to dismiss pursuant to "rule 12(b)(6) ... should be granted only in very limited circumstances." Rogers v. Jefferson–Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir.1989). In considering a motion to dismiss, the court must consider all facts and well-pled allegations in the complaint as true and all contrary allegations of the opposing party are to be disregarded. See Hospital Bldg. Co. v. Trustees of the Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Therefore, a complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**6.** The IDEA does not specify what statute of limitations governs actions brought under § 1415 (the provision providing for review of administrative decision by a federal court). "When Congress has not established a statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with federal policies." Spiegler v. District of Columbia, 866 F.2d 461, 463–64 (D.C.Cir. 1989) (citation omitted). Because the Maryland legislature has specifically enacted a statute of limitations to govern appeals from IDEA administrative hearings, see Md.Code Ann., Educ. § 8–413(h), it is unnecessary to probe any further to determine what the applicable statute of limitations should be. In addition, both parties concede that 180 days is the proper statute of limitations.

verse the decision of the Maryland Office of Administrative Hearings with regard to the 1995–96 school year." The district court's task in IDEA cases is largely limited to a review the administrative record; although the Court may make independent findings of fact, due weight must be given to the administrative findings. *See Doyle v. Arlington County Sch. Bd.*, 953 F.2d 100 (4th Cir.1991), *aff'd*, 39 F.3d 1176 (1994). The only additional evidence permitted in this type of action is "supplemental evidence," for "a lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA's] judicial review mechanism into an unrestricted trial de novo." *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir.1998) (citations omitted). These aspects of the role of judicial review under the IDEA support the recharacterization of WCBE's putative "counterclaim" as what it is in law: an appeal.

Other courts have similarly held that "a civil action under the IDEA challenging an administrative hearing officer's decision after a due process hearing is more analogous to judicial review of an administrative appeal than to an action upon a liability created by statute." *Livingston Sch. Dist. v. Keenan*, 82 F.3d 912, 916 (9th Cir.1996). *See also Cleveland Heights–Univ. City Sch. Dist. v. Boss*, 144 F.3d 391, 397 (6th Cir.1998) (noting

that the IDEA action was an "appeal from an administrative appeal, not an original action"); *Dell v. Board of Educ.*, 32 F.3d 1053, 1061 (7th Cir.1994) (recognizing that federal court treatment of IDEA cases is a "review of [the] administrative process"); *Spiegler*, 866 F.2d at 465–66 (analogizing an action brought under § 1415 of the IDEA to an appeal from an administrative decision); *Schimmel v. Spillane*, 819 F.2d 477, 483 (4th Cir.1987) (adopting Virginia's one year statute of limitations for review of IDEA administrative decisions, while recognizing that § 1415 actions constitute judicial review of administrative proceedings). Thus, WCBE's assertion that Fed.R.Civ.P. 13 and its compulsory counterclaim rules govern its appeal is misplaced.[7]

The statutory language delineating the 180 day limit is unmistakably clear. Any party aggrieved by an ALJ's ruling has 180 days to appeal to federal court. *See* § 8–413(h). As there is no dispute that WCBE's appeal was filed after the 180 day deadline,[8] I will accordingly grant the Fritschles' motion to dismiss WCBE's purported counterclaim.[9]

### III. STATE DEFENDANTS' MOTION TO DISMISS

WCBE has filed a third party complaint against the State defendants, alleging that the *state, and not WCBE*, should be held liable if this Court concurs in the Fritschles'

---

7. If WCBE's counterclaim argument were relevant, however, there is little support for the Fritschles' assertion that WCBE's counterclaim is not compulsory. WCBE's counterclaim arises from the same administrative hearing, involves the same child and same Board of Education, and evokes consideration of the same law. That the appeal is from a different portion of the ALJ's decision does not vitiate its status as "aris[ing] out of the same transaction." *See e.g., Whigham v. Beneficial Finance Co.*, 599 F.2d 1322, 1323 (4th Cir.1979) (inquiring into whether "the issues of fact and law raised by the claim and counterclaim are largely the same, whether substantially the same evidence bears on both claims and whether any logical relationship exists between the two claims") (*citing* 6 Wright, Miller, & Kane, § 1410); *United States v. LaRosa*, 993 F.Supp. 907, 918 (D.Md.1997) (same), *aff'd*, 155 F.3d 562 (4th Cir.1998). Therefore, had this claim been asserted as an original action in which Rule 13 were applicable, and not an appeal, I would be unlikely to conclude that WCBE's counterclaim is not compulsory.

8. I recognize that the rule I apply might impose a small cost. In permitting an appellant to file an appeal from a split decision two days prior to the deadline, but foreclosing a purported "compulsory counterclaim," the rule will deprive an appellee of time to file a cross-appeal. Thus, in the rare case of a split decision in which a party might otherwise be content to accept the split decision and forego an appeal, a party to an administrative proceeding under IDEA may be compelled to note a "protective" appeal even if he she or it would be content to accept a split decision, but not a total loss. Low cost solutions to this conundrum come readily to mind, and in any event, the plain words of the statutory scheme compel the result I reach.

9. Because I have concluded that WCBE's counterclaim is time-barred, its motion for leave to file a surreply memorandum is moot.

contentions that application of the Md.Code Ann., Educ. § 8–413(c) violates IDEA due process principles and that the ALJ committed errors that violate the IDEA. The State defendants have filed a Motion to Dismiss, or in the Alternative for Summary Judgment, seeking a ruling that they are not proper parties to this appeal.[10] There are no allegations, by the Fritschles or WCBE, that the State defendants denied Drew a FAPE by failing to develop proper special education procedures or failing to assure that the school board complied with these policies. Hence, because WCBE has failed to state a claim upon which relief can be granted against the State defendants, I will grant the State defendants' motion to dismiss.

WCBE seeks to hold state defendants liable on two grounds. The first basis for liability is that the State defendants should be held liable if this Court concludes that the application of Md.Code Ann., Educ. § 8–413(c) violates plaintiffs' IDEA due process rights.[11] This ground for the allowance of the third party complaint is undercut, to say the least, however, by *Aiello v. Grasmick*, 1998 WL 394175 (4th Cir. June 9, 1998), which upheld the application of the revised Md.Code Ann., Educ. § 8–413 to plaintiffs, such as the Fritschles who had requested, but not yet commenced a due process hearing. The Fourth Circuit reasoned that applying the amended Maryland Code to the plaintiffs was not impermissibly retroactive unless "disabled children have an enforceable federal right to local hearings."

*Id.* at *7. The Court held that the IDEA does not incorporate the provisions of the Maryland Code and thus does not confer upon a plaintiff a substantive federal right to a local review hearing, thereby eliminating a basis for a federal due process violation. While strictly speaking *Aiello* is not binding (it is an unreported opinion), the Fourth Circuit's reasoning is persuasive and I adopt it here. Therefore, because application of Md.Code Ann., Educ. § 8–413(c) to plaintiffs, like the Fritschles has been upheld, the State defendants can not be held liable on this ground and are not proper parties to this action on this basis.

The second ground of liability asserted by WCBE against the State defendants is based on the ALJ's status as a "state designee;" that is, WCBE argues that if the ALJ "violated" the IDEA in her denial of reimbursement to the Fritschles, the state, not the local education agency, should be held liable. This peculiar argument lacks merit.

The IDEA places ultimate responsibility on the state for "assuring that the requirements of [the Act] are carried out." 20 U.S.C. § 1412(6); *see also* 34 C.F.R. § 300.510 n. 1 ("the [state] remains responsible for the final decision on review"). It is evident, therefore, that a state can be "held liable for [its] failure to assure compliance with the IDEA." *Gadsby v. Grasmick*, 109 F.3d 940, 951 (4th Cir.1997). *Gadsby* instructs, however, that a court must "consider the relative responsibility of each agency for

---

**10.** The State defendants have filed only one affidavit in this case, that of Carol Ann Baglin, Assistant State Superintendent for Special Education. She declares that the Maryland State Department of Education has not been asked to participate in any educational decision-making in this case, they have not received an application for state funding, they have not received any complaints regarding Drew's IEP, and was not made aware of any dispute between the parties until they received a copy of the State hearing decision. WCBE does not dispute any of these factual assertions. Accordingly, I will treat the State defendants' motion as a Motion to Dismiss, rather than as a Motion for Summary Judgment, notwithstanding the submission of the Baglin affidavit.

**11.** At the time the administrative actions were filed in this case, Maryland had a two tiered

system of review, whereby an aggrieved party could have a due process hearing before an impartial hearing officer and thereafter seek review by a State Review Board, consisting of one administrative law judge from the Maryland Office of Administrative Hearings and two hearing officers. *See* Md.Code Ann., Educ. § 8–415(a)(2)(I)–(ii), (b)(5) (Michie, 1995 Supp.).

Effective July 1, 1996, Maryland eliminated the local hearing level and replaced the state review panel with a hearing before a single ALJ from OAH. *See* Md.Code. Ann., Educ. § 8–413(c)–(d). Parties who, as of July 1, 1996, had requested, but had not yet received a due process hearing under the old regime were to be covered under the new one-tiered provisions. The Fritschles challenge this alleged retroactive application of the Maryland statute.

the ultimate failure to provide a child with a FAPE." *Id.* at 952.

Neither WCBE, nor the Fritschles, allege that the State defendants have failed to assure compliance with the IDEA. Nor is it alleged that the state denied Drew a FAPE in any way; thus, the only basis for state liability would be the independent actions of the impartial ALJ. Consequently, there can be no equitable division of responsibility placed on the State defendants for any alleged IDEA violation. *See also Gordon v. Board of Educ. of Howard County*, 22 F.Supp.2d 499, 500 (D.Md.1998) (dismissing state defendants from IDEA case because they "cannot be held liable for the local board's alleged violations," as the plaintiff never informed the state of the school board's actions, nor was the state involved in the educational dispute in any manner). *But see Mr. X v. New York State Educ. Dept.*, 975 F.Supp. 546 (S.D.N.Y.1997) (declining to dismiss state defendants from the case which was challenging the findings of a state review officer).

Manifestly, a finding that the ALJ committed errors of law or found facts unsupported by substantial evidence will not impute IDEA liability to the State defendants. Rather, if I am persuaded by plaintiffs to reverse the ALJ's decision, it will of necessity be based on my conclusion that, giving due weight to the ALJ's findings, WCBE did not develop an IEP that was reasonably calculated to confer an educational benefit to Drew. Any reversal of the ALJ's decision will not rest on the fact that the ALJ, as a "state designee," violated the IDEA and deprived Drew of a FAPE. WCBE does "not argue that the State should have participated [in the administrative proceedings below] under the IDEA nor [does it] allege that the State has committed any IDEA violations. [Thus, the State defendants'] presence in this suit is something of a mystery...." *Sanger v. Montgomery Bd. of Educ.*, 916 F.Supp. 518, 518 n. 1 (D.Md.1996) (granting judgment as a matter of law for state defendants on this basis alone). Thus, even assuming that the State defendants could be joined for the first time on an appeal from an administrative proceedings in which they were not joined, because there is no cognizable basis for WCBE to assert liability against the State defendants in this case, and no basis for any amendment has been suggested, I will grant their motion with prejudice.

## IV. CONCLUSION

For the reasons stated, the Fritschles' Motion to Dismiss WCBE's Counterclaim and the State defendants' Motion to Dismiss the Third Party Complaint against them shall be granted. An order follows.