IN RE: FORECLOSURE OF DEED OF TRUST FROM HOWARD T. GARDNER (SINGLE) RECORDED IN BOOK 881, PAGE 343, RANDOLPH COUNTY REGISTRY

No. 7419SC11

(Filed 6 February 1974)

1. **Clerks of Court § 2; Mortgages and Deeds of Trust § 33— funds held by clerk of court — issues of fact as to ownership — jurisdiction of clerk**

    Where a respondent in this action filed answer raising issues of fact as to the ownership of money on deposit with the clerk, the proceeding should have been transferred to the civil issue docket of the superior court for trial, since the clerk thereafter had no jurisdiction to adjudicate ownership of the funds which he held for safekeeping under G.S. 45-21.31 (e). G.S. 45-21.32 (c).

2. **Courts § 6— appeal from clerk of superior court — jurisdiction of superior court**

    Though the order of the clerk of superior court adjudicating ownership of funds which he held for safekeeping was a nullity, when by appeal the matter came before the judge of the superior court, the judge did have jurisdiction to proceed to hear and determine all matters in controversy. G.S. 1-276.

3. **Limitation of Actions § 12; Rules of Civil Procedure § 13— counterclaim — relation to commencement of action — statute of limitations**

    A defendant's counterclaim relates to the commencement of the action, and if it is not barred by the statute of limitations at that time, it does not become barred afterwards during the pendency of the action.

4. **Limitation of Actions § 12; Rules of Civil Procedure § 13— counterclaim — failure to serve on guardian ad litem — claim not barred by statute of limitations**

Where the sole matter involved in this proceeding was the determination of the rights of the parties in the funds on deposit with the superior court clerk, respondent's counterclaim based on fraud related directly to that matter, and her claim was not barred by the statute of limitations at the time the proceeding was originally commenced in 1971, nor when a guardian *ad litem* was appointed for one respondent and made a party to the proceeding, nor when respondent filed her answer asserting her claim, respondent's claim related to the date of commencement of the proceeding, and the trial court erred in entering summary judgment against respondent based on its finding and conclusion of law that failure of respondent to serve her counterclaim on the guardian *ad litem* allowed the statute of limitations to continue to run so that her claim based on fraud discovered in 1969 was barred at the time judgment was entered in 1973.

APPEAL by respondent, Mary Gardner Brady, from *Seay, Judge,* 19 February 1973 Session of Superior Court held in RANDOLPH County.

This is a proceeding pursuant to G.S. 45-21.32 to determine ownership of surplus funds deposited with the clerk of superior court following foreclosure of a deed of trust on real property. On 2 July 1964 Howard T. Gardner, single, executed a deed of trust to secure an indebtedness of $10,000.00 to Randolph Savings & Loan Association. Immediately thereafter he executed a deed conveying the land subject to the deed of trust to James H. Gardner, Blanche A. Gardner, and Mary G. Brady "or the survivor of them, for and during the life of said parties of the second part, or the survivor of them." Howard T. Gardner defaulted under the deed of trust, and on 8 April 1971 the trustee sold under the power of sale. After payment of the indebtedness secured and all costs of foreclosure, there remained a surplus from the sale of $19,698.58, which the trustee paid to the clerk of superior court pursuant to G.S. 45-21.31. The present proceeding was brought by James H. Gardner and Blanche A. Gardner (hereinafter referred to as petitoners) to determine ownership of that fund.

In their petition, filed with the clerk of superior court on 16 June 1971, petitioners alleged: They, together with Mary Gardner Brady (hereinafter referred to as respondent Brady), are entitled to have the present values of their respective life interests computed and paid to them; Howard T. Gardner is entitled to the remainder; petitioner James H. Gardner was

born 16 July 1902, petitioner Blanche A. Gardner was born 6 July 1907, and respondent Brady was born 12 March 1901; the present value of the three life estates should be computed by first ascertaining the present value of the interest of the youngest of the three life tenants, computed on the basis of the mortuary tables, and then dividing the amount so ascertained among the three life tenants in ratio to the relative values of the separate life interests of each. Petitioners also alleged that Howard T. Gardner, owner of the remainder interest, had been committed to Dorothea Dix Hospital in Raleigh, and asked that a guardian ad litem be appointed to represent him. Notice of filing of the petition was served on Howard T. Gardner and on respondent Brady.

On 19 July 1971 the clerk of superior court entered an order in which he found Howard T. Gardner to be *non compos mentis* and appointed William W. Ivey guardian ad litem to represent him in this proceeding. A copy of the petition was served on the guardian ad litem who filed answer on 10 August 1971 in which he did not deny the allegations of the petition and prayed that "such orders be entered and such action taken as will best protect the interest of Howard T. Gardner."

On 26 July 1971, a week after the guardian ad litem had been appointed for Howard T. Gardner, respondent Brady filed her answer to the petition. In this answer she admitted that Howard T. Gardner had executed the deed purporting to convey the life estates but denied "that there are any life tenants involved in this matter whatsoever." As part of her answer, and "by way of a further defense and a further cause of action against the petitioners" and against the respondent Howard T. Gardner, respondent Brady alleged: The petitioners are husband and wife and are the parents of the respondent, Howard T. Gardner; petitioner James H. Gardner is the brother of respondent Brady; in 1964 the petitioners and Howard T. Gardner persuaded respondent Brady to invest $10,000.00 of her money which, together with $10,000.00 borrowed from the Randolph Savings & Loan Association, was used to pay the purchase price for the property, title to which was taken in the name of Howard T. Gardner; petitioners and Howard T. Gardner represented to respondent Brady that they would secure repayment of the $10,000.00 advanced by her by a second deed of trust on the property; instead of doing so, they "procured a fraudulent deed purporting to give to Mary Gardner Brady a life estate";

respondent Brady discovered this in August 1969, at which time she told petitioners and Howard T. Gardner that she wanted return of her money for the down payment of the property in the amount of $10,000.00 plus interest from 1964 until paid; the deed conveying the life estates "should be reformed and modified to show that it is a second lien or deed of trust." In her prayer for relief, respondent Brady asked that the matter be transferred to the civil issue docket of the superior court in Randolph County, that no further proeedings be had before the clerk of superior court, that she be accorded a trial by jury on all issues raised, and that she recover $14,020.00 out of the money on deposit in the office of the clerk. Copies of the answer of respondent Brady were served on the attorneys for petitioner and upon the respondent Howard T. Gardner, service on the latter being made by mailing a copy to him at Dorothea Dix Hospital in Raleigh. Respondent Brady's answer was not served upon the guardian ad litem.

Petitioners moved to strike portions of the answer of respondent Brady, which motion was allowed by Judge Walter E. Johnston, Jr. by order dated 22 September 1971. On the same date, Judge Johnston entered an order confirming the order of the clerk which appointed the guardian ad litem for respondent Howard T. Gardner. From these two orders, respondent Brady attempted to appeal to the North Carolina Court of Appeals. This Court, by opinion filed 23 February 1972, dismissed the appeal under Rule 4 of the Rules of Practice in this Court. *Gardner v. Brady*, 13 N.C. App. 647, 186 S.E. 2d 659.

In the meantime, on 4 October 1971, petitioners filed a reply to the answer of respondent Brady in which they admitted that the purchase price of the property was $20,000.00 and that respondent Brady had paid a portion of said amount. While denying that there was any misrepresentation or fraudulent conduct with respect to execution of the 1964 deed, petitioners pled that had such misrepresentation or fraudulent conduct existed, respondent Brady, by exercise of reasonable diligence, should have discovered it more than three years prior to the institution of this action, and petitioners pled the three year statute of limitations as a bar to respondent to Brady's claim for relief.

Following dismissal of the attempted appeal to this Court, and on 14 September 1972, petitioners filed a motion with the clerk of superior court asking for summary judgment under

Rule 56 of the Rules of Civil Procedure, stating as grounds for their motion that respondent Brady had alleged in her further cause of action that petitioners and Howard T. Gardner had defrauded her, that she had discovered this fraud in August 1969, that as of the date of filing the motion for summary judgment respondent Brady had not instituted an action on her alleged cause of action by issuance of a summons and complaint as required by the Rules of Civil Procedure, and that she had become barred from instituting such an action by the three year statute of limitations. The matter came on for hearing before the clerk of superior court of Randolph County, at which hearing respondent Brady entered a special appearance and moved to dismiss on the ground that the clerk was without jurisdiction to hear the matter. The clerk overruled respondent Brady's motion and proceeded with the hearing. Following this hearing, the clerk entered an order, dated 9 October 1972, making findings of fact and concluding as a matter of law that respondent Brady had "not instituted an action based on the alleged fraud set forth in her Answer to the Petition within three years of the time she alleges in her Further Cause of Action that the fraud occurred and therefore her cause of action is barred by the three year statute of limitations." The clerk's order further determined the rights of the respective parties in the funds on deposit and directed distribution in the manner and amounts as alleged in the petition.

Respondent Brady appealed from the order of the clerk to the superior court, where the matter first came on for hearing before Judge Armstrong, who entered an order dated 22 December 1972 finding "from the pleadings and from the Order entered by the Clerk that Howard T. Gardner through his guardian ad litem, William W. Ivey, is a proper party and a necessary party in connection with the final determination of this matter; that Mary Gardner Brady, one of the parties in this proceeding, has filed an Answer in which she has attempted to allege a counterclaim against James H. Gardner, Blanche A. Gardner and Howard T. Gardner; that at the time of the filing of this counterclaim, Howard T. Gardner was represented in this proceeding by William W. Ivey his duly appointed guardian ad litem; that Mary Gardner Brady did not serve a copy of her alleged counterclaim on William W. Ivey, guardian ad litem for Howard T. Gardner and that Howard T. Gardner, through his guardian ad litem, William W. Ivey, has not filed an Answer or otherwise pleaded to said counterclaim or done anything to

In re Foreclosure of Deed of Trust

waive the requirement as to service." On these findings, Judge Armstrong continued the hearing until the next session of superior court in order to give respondent Brady time to "make or attempt to make Howard T. Gardner a party in connection with her alleged counterclaim."

The matter next came on for hearing before Judge Thomas W. Seay, Jr., presiding at the 19 February 1973 civil session of superior court. After hearing argument of counsel, Judge Seay signed an order dated 22 March 1973 in which he overruled petitioners' motion for summary judgment, finding that respondent Brady's answer and further answer had raised questions of fact to be answered by the jury. In a separate judgment, also dated 22 March 1973, Judge Seay proceeded to adjudicate the rights of Howard T. Gardner. In this judgment the court made findings of fact, including findings that no exception had been taken to the order of Judge Armstrong and that respondent Brady had not attempted to make Howard T. Gardner a party to this proceeding "in connection with her alleged counterclaim." The judgment contains conclusions of law as follows:

"1. Any alleged cause of action by Mary Gardner Brady against Howard T. Gardner is now barred by the Statute of Limitations. The alleged counterclaim was never served on William W. Ivey, the duly appointed guardian ad litem of Howard T. Gardner. The basis of the alleged counterclaim is fraud and the alleged fraud was discovered in August of 1969.

"2. Howard T. Gardner is entitled to a remainder interest in the $19,673.58 computed on the basis of the present value of the alleged life estates of James H. Gardner, Blanche A. Gardner and Mary Gardner Brady. The present value of the youngest of the three life tenants being Blanche A. Gardner would be computed based on the Mortuary Tables (55.717%) which comes to $10,961.53. The ratio of the present value of each of the life tenants to the total value of all of the life tenants based on their ages and the Mortuary Tables would be figured on a percentage basis and is as follows: Mary Gardner Brady .2991; James H. Gardner .3222; Blanche A. Gardner .3787. Based upon the foregoing ratio the present value of the alleged life estate of James H. Gardner is $3,531.80, the present value of the alleged life estate of Blanche A. Gardner is $4,151.13 and the present value of the alleged life estate of Mary Gardner

Brady is $3,278.60. After deducting the present value of the three life tenants in the $19,673.58 now on deposit in the office of the Clerk of the Superior Court of Randolph County there is a remainder of $8,712.05 to which Howard T. Gardner, remainderman is entitled."

On these findings of fact and conclusions of law the court adjudged that Howard T. Gardner is entitled to receive $8,712.05 out of the funds on deposit in the office of the clerk, directed the clerk to hold said amount in trust for him, and authorized the clerk to pay the guardian ad litem $600 for his services.

Respondent Brady excepted and appealed.

*Ottway Burton for respondent, Mary Gardner Brady, appellant.*

*William W. Ivey, guardian ad litem for Howard T. Gardner, appellee.*

PARKER, Judge.

[1] When respondent Brady filed answer raising issues of fact as to the ownership of the money on deposit with the clerk, the proceeding should have been transferred to the civil issue docket of the superior court for trial. G.S. 45-21.32 (c). Thereafter the clerk had no jurisdiction to adjudicate ownership of the funds which he held for safekeeping under G.S. 45-21.31 (e), his only concern being that the adjudication of this question be made by a court of competent jurisdiction. *Koob v. Koob,* 283 N.C. 129, 195 S.E. 2d 552. Therefore, the clerk had no jurisdiction to enter the order dated 9 October 1972 purporting to adjudicate ownership in the fund.

[2] Though that order was a nullity, when by appeal the matter came before the judge of the superior court, the judge did have jurisdiction "to proceed to hear and determine all matters in controversy." G.S. 1-276; *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Hall v. Artis,* 186 N.C. 105, 118 S.E. 901. In this connection, however, a timely demand for trial by jury having been made by respondent Brady, all issues of fact properly arising on the pleadings should have been submitted to a jury unless, upon a motion for summary judgment properly supported as provided in G.S. 1A-1, Rule 56, it was shown that there was no genuine issue as to any material fact and that one of the parties was entitled to judgment as a matter of law. The

trial court, finding there were issues of fact for determination by the jury, correctly overruled petitioners' motion for summary judgment by its order dated 22 March 1973. However, by separate judgment entered on the same date, the court rendered judgment as a matter of law in favor of the respondent guardian ad litem, and the question presented by this appeal is the validity of that judgment.

At the outset, we note that the record does not reveal any motion for summary judgment under Rule 56 or for judgment on the pleadings under Rule 12(c) filed by the guardian ad litem or his ward, Howard T. Gardner. On the contrary, the judgment appealed from simply recites that "Howard T. Gardner, through his guardian ad litem, has made a special appearance before [the] Court requesting that the present value of his remainder interest be alotted to him." The precise meaning of this recitation is not clear, since the guardian ad litem was in all respects a party to this proceeding and had filed answer to the original petition. It would appear that the trial court predicated its judgment in favor of the guardian ad litem on the theory that respondent Brady's claim, as set forth in her answer "by way of a further defense and a further cause of action," was in the nature of a separate civil action for relief based upon fraud; that no service of the answer having been made upon the guardian ad litem within three years after August 1969, the date when respondent Brady alleged she first discovered the fraud, her claim insofar as the rights of the guardian ad litem and his ward were concerned was barred by the three year statute of limitations; and, these facts being shown, the guardian ad litem was entitled to judgment as a matter of law. In this there was error.

[3, 4]   The sole matter involved in this proceeding was the determination of the rights of the parties in the funds on deposit with the clerk. Respondent Brady's claim related directly to that matter. On the facts disclosed by the pleadings her claim was not barred at the time this proceeding was commenced by the filing of the petition on 16 June 1971, nor was it barred at the time the guardian ad litem was appointed and made a party to this proceeding on 19 July 1971, nor when respondent Brady filed her answer asserting her claim on 26 July 1971. Our Supreme Court held in *Brumble v. Brown*, 71 N.C. 513, that a defendant's counterclaim, even one not based on the same transaction as that which gave rise to plaintiff's cause of action, relates to the

commencement of the action, and that if it is not barred by the statute of limitations at that time, it does not become barred afterwards during the pendency of the action. Subsequent decisions may have modified this holding as to counterclaims not based on the same facts giving rise to the original cause of action and which are first asserted in amended pleadings. See: 1 McIntosh, N. C. Practice and Procedure 2d, § 327; Annotation, 127 A.L.R. 909. Further, it is clear that the statute of limitations continues to run as to new parties at least until they are made parties to the litigation. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570; *Speas v. Ford*, 253 N.C. 770, 117 S.E. 2d 784. In the present case, however, we see no reason why the rule announced in *Brumble v. Brown, supra,* should not apply. Respondent Brady's claim to the funds arose out of the same transactions as gave rise to the claims of the other parties to this litigation. Her claim was not barred when the proceeding was commenced or when the guardian was appointed and made a party. She made a timely assertion of her claim in the first and only pleading which she filed. Accordingly we hold that her claim related to the date of commencement of this proceeding, that it was not barred by the statute of limitations on that date at least insofar as the present record discloses, and that it did not become barred thereafter either as to the petitioners or as to the respondent, Howard T. Gardner, or his guardian ad litem.

Rule 5(b) of the Rules of Civil Procedure does provide in part that "[a] pleading setting forth a counterclaim or cross claim shall be filed with the court and a copy thereof shall be served on the party against whom it is asserted or on his attorney of record." This requirement, however, does not make a new or separate litigation out of a counterclaim or cross claim which arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Therefore, whatever other consequences may flow from respondent Brady's failure to serve a copy of her answer on the guardian ad litem, such failure did not result in changing the rule of *Brumble v. Brown, supra,* so as to cause the statute of limitations to run against her claim until such service is accomplished.

The judgment appealed from being erroneous, it is reversed and this proceeding is remanded to the superior court for trial of the issues properly arising on the pleadings. The evidence presented and the verdict rendered will, of course, determine

the nature of the legal questions which will be presented at the trial. While we refrain from expressing an opinion on questions not yet presented, we do note that even should petitioners prevail before the jury, they may not be entitled to division of the funds in the manner set forth in their petition. A life interest measured by the lives of the survivor of two or more persons is not the exact actuarial equivalent to an estate computed on the basis of the life expectancy of the youngest of such persons, since the life expectancies of the remaining members of the group affect the computation to some degree. Further, this State recognizes a tenancy by the entirety in a life estate in land, and "[a]nother peculiar incident of an estate by the entirety is, that if an estate be given to A., B. and C., and A. and B. are husband and wife, nothing else appearing, they will take a half interest in the property and C. will take the other half." *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566.

The judgment appealed from is reversed and this proceeding is remanded to the superior Court of Randolph County for trial.

Reversed and remanded.

Judges BRITT and VAUGHN concur.