IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-301

No. COA21-472

Filed 3 May 2022

New Hanover County, No. 18 CVS 4345

FARRON JEROME UPCHURCH, Plaintiff,

v.

HARP BUILDERS, INC. and VALENTINE JOSEPH CLEARY, Defendants.

Appeal by Defendant from order entered 22 April 2021 by Judge Phyllis Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 9 February 2022.

> *Ennis, Baynard, Morton, Medlin & Brown, PA, by Maynard M. Brown, for Plaintiff-Appellee.*

> *Crossley, McIntosh, Collier, Hanley & Edes, PLLC, by Andrew J. Hanley, for Defendants-Appellants.*

JACKSON, Judge.

Defendant Valentine Joseph Cleary ("Defendant") appeals from an order granting Plaintiff Farron Jerome Upchurch's ("Plaintiff") motion for summary judgment on Defendant's counterclaim and dismissing his counterclaim with prejudice. After careful review, we affirm.

## I.  Background

This case involves a motor vehicle accident that occurred between the parties

on 19 December 2015 in New Hanover County off Interstate 40. On 19 December 2018, Plaintiff filed a complaint alleging that Defendant was at fault and seeking damages for personal injuries sustained in the accident. On 20 December 2018, Defendant filed an answer and counterclaim alleging that Plaintiff was at fault and seeking damages for personal injuries sustained in the accident. On 13 September 2019, Defendant filed an amended answer and counterclaims. On 27 February 2020, Plaintiff answered, asserting the defenses of contributory negligence and gross negligence. On 7 December 2020, Plaintiff filed an amended answer to Defendant's amended counterclaim, moving to dismiss the counterclaim pursuant to N.C. Gen. Stat. § 1-52(16) on the ground it was barred by the three-year statute of limitations.

On 18 December 2020, Plaintiff moved for judgment on the pleadings, or in the alternative, for summary judgment on the ground that Defendant's counterclaim was filed after the statute of limitations had run. On 5 January 2021, the Honorable R. Kent Harrell ruled on Plaintiff's motion, denying judgment on the pleadings and finding that Plaintiff was required to seek leave of court to file the amended reply that asserted the statute of limitations defense. On 19 January 2021, Plaintiff moved to amend his answer. This motion was allowed on 23 February 2021 by the Honorable Phyllis Gorham. On 26 February 2021, Plaintiff filed an amended answer to Defendant's counterclaim. On 4 March 2021, Plaintiff filed another motion for judgment on the pleadings, or in the alternative, for summary judgment on the

ground that the counterclaim was filed after the statute of limitations had run. On 22 March 2021, Defendant filed a second amended answer.

On 22 April 2021, the Honorable Phyllis Gorham entered an order granting Plaintiff's motion for summary judgment on Defendant's counterclaim and dismissed Defendant's counterclaim with prejudice.

On 29 April 2021, Defendant timely filed notice of appeal.

## II. Analysis

The sole issue on appeal is whether the trial court erred in granting Plaintiff's motion for summary judgment on the ground that Defendant's counterclaim was barred by the three-year statute of limitations provided in N.C. Gen. Stat. § 1-52(16).

We review a trial court's grant of summary judgment *de novo*. *Summey v. Barker*, 357 N.C. 492, 497, 586 S.E.2d 247, 249 (2003).

North Carolina General Statute § 1-52(16) establishes a three-year statute of limitations "for personal injury or physical damage to claimant's property[.]" N.C. Gen. Stat. § 1-52(16) (2021). The cause of action in such cases begins to accrue when "bodily harm to the claimant or physical damages to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." *Id.* The parties seemingly agree that the cause of action in the instant case began to accrue on the day of the accident, 19 December 2015, and claims must have been filed by 19 December 2018 to be within the three-year statute of limitations

delineated by N.C. Gen. Stat. § 1-52(16).

¶ 8 Defendant argues that his counterclaim filed on 20 December 2018 should be deemed to relate back to the filing of the original complaint by Plaintiff on 19 December 2018, and thus should be considered timely filed within the three-year statute of limitations. In doing so, Defendant contends that we should decline to follow our Court's holding in *PharmaResearch Corp. v. Mash*, 163 N.C. App. 419, 594 S.E.2d 148, *dis. rev. denied*, 358 N.C. 733 (2004).

¶ 9 In *PharmaResearch*, a defendant filed counterclaims in a shareholders agreement dispute and argued the filing should relate back to the date the plaintiff filed its original complaint. 163 N.C. App. at 426, 594 S.E.2d at 153. The Court concluded that "counterclaims do not 'relate back' to the date the plaintiff's action was filed[,]" and that the counterclaims were barred by the applicable statute of limitations. *Id.* at 427, 594 S.E.2d at 153. The Court followed our Supreme Court's intervening analysis in *Burcl v. North Carolina Baptist Hospital, Inc.*, 306 N.C. 214, 293 S.E.2d 85 (1982), "that if application of the [North Carolina] Rules of Civil Procedure dictates a result different from that arrived at in a pre-rules case, the Rules should be applied[.]" 163 N.C. App. at 426, 594 S.E.2d at 153. Therefore, the Court concluded "that the pertinent Rule of Civil Procedure, Rule 13, does not support defendant's assertion that his counterclaim should be deemed to 'relate back' to the date that plaintiff filed its original action." *Id.* at 427, 594 S.E.2d at 153. The Court

specifically declined to follow our Supreme Court's much earlier decision *Brumble v. Brown*, 71 N.C. 513 (1874), which held the opposite—that a counterclaim "refers to the commencement of the action . . . [a]nd if not barred by the statute at that time, it does not become so afterwards during the pending of the action." 71 N.C. at 516.

¶ 10     Defendant argues that we should decline to follow *PharmaResearch* for several reasons, most significantly because the Court in *PharmaResearch* erroneously overruled a previous decision of our Court, *In re Gardner* 20 N.C. App. 610, 202 S.E.2d 318 (1974), in violation of *In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989).

¶ 11     The Court in *In re Gardner* adopted the rule in *Brumble* and held that the counterclaim at issue related back and was therefore not barred by the applicable statute of limitations. 20 N.C. App. at 618, 202 S.E.2d at 324. The Court did so despite the new, amended Rules of Civil Procedure becoming effective on 1 January 1970, prior to the filing of the original complaint on 16 June 1971. *Id.* at 617-18, 202 S.E.2d at 323-24. While we acknowledge the conflicting holdings, we are unable to overrule *PharmaResearch* in favor of *In re Gardner*. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37.

> Thus, *In re Civil Penalty* stands for the proposition that, where a panel of this Court has decided a legal issue, future panels are bound to follow that precedent. This is so even

> if the previous panel's decision involved narrowing or distinguishing an earlier controlling precedent—even one from the Supreme Court—as was the case in *In re Civil Penalty*. Importantly, *In re Civil Penalty* does not authorize panels to overrule existing precedent on the basis that it is inconsistent with earlier decisions of this Court.

*State v. Gonzalez*, 263 N.C. App. 527, 531, 823 S.E.2d 886, 888-89 (2019).

¶ 12 The Supreme Court "has authorized us to disregard our own precedent in certain rare situations[,]" such as "when two lines of irreconcilable precedent develop independently—meaning the cases never acknowledge each other or their conflict[.]" *Id*. at 531, 823 S.E.2d at 889. This exception does not apply to the case at bar. The Court in *PharmaResearch* specifically acknowledged *In re Gardner* and determined its holding did not apply as it "was super[s]eded by the adoption of our Rules of Civil Procedure." *PharmaResearch*, 163 N.C. App. at 427 n.1, 594 S.E.2d at 153 n.1.

¶ 13 Accordingly, we hold that the rule delineated in *PharmaResearch*—that counterclaims do not relate back to the date the plaintiff's action was filed—applies to this case. Therefore, Defendant's counterclaim filed on 20 December 2018 was barred by the three-year statute of limitations provided in N.C. Gen. Stat. § 1-52(16).

### III. Conclusion

¶ 14 For the foregoing reasons, we affirm the trial court's order granting Plaintiff's motion for summary judgment on Defendant's counterclaim and dismissing the counterclaim with prejudice.

AFFIRMED.

Judge DIETZ concurs.

Judge MURPHY concurs in result only.