IN THE SUPREME COURT OF NORTH CAROLINA

No. 176PA22

Filed 22 March 2024

FARRON JEROME UPCHURCH

v.

HARP BUILDERS, INC. and VALENTINE JOSEPH CLEARY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 283 N.C. App. 321 (2022), affirming an order entered on 22 April 2021 by Judge Phyllis Gorham in Superior Court, New Hanover County, granting plaintiff's motion for summary judgment on defendant's counterclaim and dismissing defendant's counterclaim with prejudice. Heard in the Supreme Court on 8 November 2023.

> *Ennis, Baynard, Morton, Medlin & Brown, PLLC, by Maynard M. Brown, for plaintiff-appellee.*

> *Crossley, McIntosh, Collier, Hanley & Edes, PLLC, by Brian J. Kromke, for defendant-appellant Valentine Joseph Cleary.*

ALLEN, Justice.

The Court of Appeals ruled that the statute of limitations bars defendant Valentine Joseph Cleary from pursuing his counterclaim for negligence against plaintiff Farron Jerome Upchurch because defendant filed his counterclaim one day after the three-year limitations period expired. Based on this Court's precedent and pertinent statutory provisions, we hold that defendant's counterclaim must be

regarded for statute-of-limitations purposes as having been filed on the same date that plaintiff commenced his lawsuit. We therefore reverse and remand.

A two-automobile accident involving plaintiff and defendant occurred on 19 December 2015. On 19 December 2018, plaintiff filed a lawsuit against defendant in the Superior Court, New Hanover County, over injuries he allegedly sustained in the accident. Plaintiff's complaint alleged that the accident resulted from defendant's negligence. One day later, on 20 December 2018, defendant filed an answer denying liability for plaintiff's injuries and asserting a counterclaim against plaintiff for defendant's injuries on the theory that plaintiff's own negligence caused the accident.

On 27 February 2020, plaintiff filed a response denying defendant's allegations of negligence and asserting that defendant's contributory negligence and gross negligence barred defendant from pursuing his counterclaim. On 7 December 2020, plaintiff filed an amended response to defendant's counterclaim, asserting for the first time that the counterclaim should be dismissed under N.C.G.S. § 1-52(16) because defendant filed it outside the statute's three-year limit for personal injury claims.

On 18 December 2020, plaintiff filed a motion for judgment on the pleadings or alternatively for summary judgment. The motion asked the trial court to dismiss defendant's counterclaim in accordance with N.C.G.S. § 1-52(16). The trial court denied the motion after concluding that Rule 15(a) of the North Carolina Rules of Civil Procedure required plaintiff to seek leave of court to amend his response to the counterclaim. On 19 January 2021, plaintiff filed a motion requesting the court's

permission to do just that. The trial court granted the motion, and plaintiff filed his amended response with the statute-of-limitations defense on 26 February 2021. On 4 March 2021, again citing N.C.G.S. § 1-52(16), plaintiff filed a second motion for judgment on the pleadings or alternatively for summary judgment. On 22 April 2021, the trial court entered an order granting summary judgment in favor of plaintiff on defendant's counterclaim and dismissing it with prejudice. Defendant appealed to the Court of Appeals.[1]

On appeal, "[t]he parties seemingly agree[d] that the cause of action in the instant case began to accrue on the day of the accident, 19 December 2015, and claims must have been filed by 19 December 2018 to be within the three-year statute of limitations delineated by [N.C.G.S.] § 1-52(16)." *Upchurch v. Harp Builders, Inc.*, 283 N.C. App. 321, 323 (2022). Nonetheless, "[d]efendant argue[d] that his counterclaim filed on 20 December 2018 should be deemed to relate back to the filing of the original complaint by [p]laintiff on 19 December 2018, and thus should be considered timely filed within the three-year statute of limitations." *Id.*

The Court of Appeals unanimously affirmed the trial court's summary judgment order dismissing defendant's counterclaim. *Id.* at 324–25. In reaching its decision, the appellate court relied on *PharmaResearch Corp. v. Mash*, 163 N.C. App. 419, *disc. rev. denied*, 358 N.C. 733 (2004), wherein an earlier panel of the Court of Appeals had "concluded that 'counterclaims do not "relate back" to the date the

---

[1] On 3 June 2021, plaintiff filed a voluntary dismissal with prejudice.

plaintiff's action was filed[,]' and that the counterclaims [of the defendant in *PharmaResearch*] were barred by the applicable statute of limitations.*" Upchurch*, 283 N.C. App. at 323 (first alteration in original) (quoting *PharmaResearch*, 163 N.C. App. at 427).

Defendant subsequently filed a petition for discretionary review with this Court pursuant to N.C.G.S. § 7A-31. We allowed the petition.

"Summary judgment is proper only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' " *N.C. Farm Bureau Mut. Ins. Co. v. Herring*, No. 227A22, slip op. at 6 (N.C. Dec. 15, 2023) (quoting N.C.G.S. § 1A-1, Rule 56(c) (2021)). "We review de novo an appeal of a summary judgment order. When reviewing a matter de novo, this Court considers the matter anew and freely substitutes its own judgment for that of the lower courts." *Id.* (internal quotation marks and citations omitted).

With respect to plaintiff's statute-of-limitations defense, no material facts are in dispute. The question before this Court is solely a legal one: whether N.C.G.S. § 1-52(16) bars defendant's counterclaim because defendant filed it more than three years after the parties' automobile accident.

Before proceeding, we note that defendant's counterclaim constitutes a "compulsory counterclaim" under Rule 13 of the Rules of Civil Procedure in that it (1)

existed when defendant served his answer on plaintiff; (2) arose from the same events that gave rise to plaintiff's claim against defendant; and (3) did not require the presence of third parties over whom the trial court lacked jurisdiction. N.C. R. Civ. P. 13(a). Unlike permissive counterclaims, compulsory counterclaims "must be asserted by [the] defendant in a pending action or be forever foreclosed" unless one of the exceptions in Rule 13(a) applies. G. Gray Wilson, *North Carolina Civil Procedure*, § 13-2, at 13-5 (4th ed. 2020). *See generally* N.C. R. Civ. P. 13(b) (defining a permissive counterclaim as a counterclaim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim").

In *Brumble v. Brown*, 71 N.C. 513 (1874), this Court held that a three-year statute of limitations did not bar a defendant's counterclaim filed more than three years after the events from which it arose:

> [W]e ascertain that three years . . . had not elapsed at the date of the action, but more than three years had elapsed when the counter-claim was pleaded . . . .
> We think the law is clear that a . . . counter-claim[ ] refers to the commencement of the action, . . . [a]nd if not barred by the statute [of limitations] at that time, it does not become so afterwards during the pending of the action.

*Brumble*, 71 N.C. at 516 (citations omitted).

Here, plaintiff filed his lawsuit one day before the expiration of the three-year limitations period specified in N.C.G.S. § 1-52(16). Consequently, if *Brumble* remains good law, defendant's compulsory counterclaim must be considered timely filed, even though defendant filed it more than three years after the automobile accident that

led to this litigation.

In *PharmaResearch*, the Court of Appeals concluded that *Brumble* no longer accurately states the law regarding the relation back of compulsory counterclaims. 163 N.C. App. at 427. The appellate court observed that *Brumble* predates the General Assembly's enactment of the Rules of Civil Procedure by "almost a century" and argued that *Brumble* cannot be reconciled with some of the provisions in the Rules.[2] *Id.* at 426–27.

This Court has previously encountered a conflict between our precedent and the Rules of Civil Procedure. In *Burcl v. North Carolina Baptist Hospital, Inc.*, 306 N.C. 214 (1982), we noted that Rule 15—on amended pleadings—had "changed our approach" to determining whether an amendment to a complaint relates back to the filing of the complaint for statute-of-limitations purposes. 306 N.C. at 224. Prior to Rule 15, the common law prevented such an amendment from relating back if it "stated a new cause of action, even on the same facts originally alleged." *Id.* at 221. With the legislature's enactment of Rule 15, however, whether an amendment to a complaint relates back to the original complaint "depends no longer on an analysis of

---

[2] In holding that the Rules of Civil Procedure effectively overruled *Brumble*, the Court of Appeals impermissibly departed from its own precedent. It had previously ruled in a decision issued after the enactment of the Rules that *Brumble* remains good law as to compulsory counterclaims. *In re Foreclosure of Gardner*, 20 N.C. App. 610, 618 (1974). The *Gardner* decision was binding on the Court of Appeals in *PharmaResearch*. *See In re Civil Penalty*, 324 N.C. 373, 384 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

whether it states a new cause of action; it depends, rather, on whether the original pleading gives 'notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.' " *Id.* at 224 (quoting N.C. R. Civ. P. 15(c)).

As *Burcl* acknowledges, the Rules of Civil Procedure generally prevail when they conflict with pre-Rules decisions from this Court. Nonetheless, we do not agree with *PharmaResearch* that the Rules have superseded *Brumble* on the relation back of compulsory counterclaims.

Crucially, *PharmaResearch* ignores that N.C.G.S. § 1-52(16) and other statutes of limitations found in Chapter 1, Article 5 of the General Statutes apply to "the commencement of actions." N.C.G.S. § 1-46 (2021); *see also id.* § 1-15(a) ("Civil actions can only be commenced within the periods prescribed in [Chapter 1 of the General Statutes, titled "Civil Procedure"], after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute."). Thus, on its face, N.C.G.S. § 1-52(16) does not preclude a compulsory counterclaim filed outside its three-year limitations period unless a defendant may be said to have commenced a civil action by filing the counterclaim.

Rule 3 of the Rules of Civil Procedure specifies that "[a] civil action is commenced by filing *a complaint* with the court."[3] N.C. R. Civ. P. 3(a) (emphasis

---

[3] Rule 3 also allows for the commencement of a civil action by the issuance of a summons under certain conditions. A party may commence a civil action by the issuance of a summons upon "mak[ing] application to the court stating the nature and purpose of his action

added). Ordinarily, as in this case, a defendant asserts a compulsory counterclaim in her answer to the complaint. Although the Rules classify both complaints and answers as pleadings, they repeatedly distinguish between the two. *E.g.*, *id.* at R. 7(a) ("There shall be a complaint and an answer . . . ."); *id.* at R. 12(a)(1) ("A defendant shall serve his answer within 30 days after service of the summons and complaint upon him."). In this case, because defendant asserted his compulsory counterclaim in an answer, the plain language of Rule 3 indicates that his filing did not commence a civil action.[4]

Nothing in Rule 13's counterclaim provisions contradicts this understanding. *See In re Foreclosure of Gardner*, 20 N.C. App. 610, 618 (1974) (noting that the requirement to file and serve a counterclaim "does not make a new or separate litigation out of a counterclaim . . . which arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim"). Rule 13 refers only once to an "action" being "commenced," and it is clear from the context that the reference is to a civil action commenced against—not by—the party having the

---

and requesting permission to file his complaint within 20 days." N.C. R. Civ. P. 3(a)(1). A court then "makes an order stating the nature and purpose of the action and granting the requested permission." *Id.* at R. 3(a)(2). Finally, the summons and court order must be served in accordance with Rule 4. *Id.* at R. 3(a). Filing a complaint is, therefore, still a necessary condition for commencing a civil action in this manner. *See id.* ("*When the complaint is filed* it shall be served in accordance with the provisions of Rule 4 . . . ." (emphasis added)).

[4] We recognize, of course, that certain kinds of civil proceedings can be initiated by the filing of petitions. *See, e.g.*, N.C.G.S § 7B-401(a) (2021) (establishing that a juvenile abuse, neglect, or dependency action is commenced by filing a petition in a clerk's office or by acceptance of the petition by a magistrate); *id.* § 122C-261(a) (2021) (providing for involuntary civil commitment proceedings upon affidavit and petition to a clerk or magistrate). This case does not involve such a proceeding.

compulsory counterclaim. Specifically, Rule 13(a)(1) excuses a defendant from alleging a compulsory counterclaim if "*[a]t the time the action was commenced* the claim was the subject of another pending action." (emphasis added). The term "action" in the phrase "[a]t the time the action was commenced" obviously means the lawsuit in which the defendant would have to file her counterclaim if that claim were not the subject of a prior lawsuit. In short, Rule 13 nowhere characterizes the filing of a counterclaim as the commencement of a civil action. *Id.*

In *PharmaResearch*, the Court of Appeals rested its holding largely on what it perceived as a significant distinction between Rule 13 and Rule 15. 163 N.C. App. at 426–27. As noted above, Rule 15 expressly allows an amended pleading to relate back to the filing of the original pleading so long as the original pleading "give[s] notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." *Id.* at R. 15(c). Remarking that Rule 13 lacks a similar provision, the Court of Appeals reasoned: "Had the General Assembly intended for counterclaims to 'relate back' to the date of filing of plaintiff's complaint, it could have so provided." *PharmaResearch*, 163 N.C. App. at 426.

We are not persuaded. In our view, *Burcl* cuts squarely against the rationale of *PharmaResearch*. The outcome in *Burcl* was based on the General Assembly's adoption of a standard in Rule 15 that differed from the pre-Rules standard for analyzing whether an amendment relates back to the original pleading. In *PharmaResearch*, the Court of Appeals turned *Burcl* on its head by essentially

treating the complete absence of any reference to the relation back of compulsory counterclaims in Rule 13 as evidence of legislative intent to overrule this Court's pre-Rules precedent on the subject. Had the General Assembly wished to change the law on the relation back of compulsory counterclaims, it could have articulated a different approach in Rule 13, just as it altered the law on the relation back of amendments to pleadings by enacting Rule 15. *See State v. S. Ry. Co.*, 145 N.C. 495, 542 (1907) ("The Legislature is presumed to know the existing law and to legislate with reference to it.").

During oral argument, plaintiff's counsel directed our attention to N.C.G.S. § 1-2, which defines an "action" as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." According to plaintiff's counsel, this definition is broad enough to encompass compulsory counterclaims, and thus the filing of a compulsory counterclaim amounts to the commencement of a civil action, at least insofar as statutes of limitations are concerned.

We disagree. The Rules of Civil Procedure recognize an assortment of pleadings, including complaints, answers, replies to counterclaims, and answers to crossclaims. N.C. R. Civ. P. 7(a). Nonetheless, Rule 3 unambiguously states that "[a] civil action is commenced by filing a complaint," *id.* at R. 3(a), and we deem it controlling here. *See Piedmont Publ'g Co. v. City of Winston-Salem*, 334 N.C. 595, 598

(1993) ("One canon of construction is that when one statute deals with a particular subject matter in detail, and another statute deals with the same subject matter in general and comprehensive terms, the more specific statute will be construed as controlling.").

The Rules of Civil Procedure do not treat the filing of compulsory counterclaims as procedurally equivalent to the commencement of civil actions. Consequently, the Rules do not preclude the relation back of such counterclaims. The Court of Appeals therefore erred in *PharmaResearch* by not following *Brumble*, and we overrule *PharmaResearch* to the extent it conflicts with this opinion.

Furthermore, as this case illustrates, the relation back of compulsory counterclaims serves the interests of justice and judicial economy. By not filing and serving his lawsuit until the last day of the three-year limitations period established by N.C.G.S. § 1-52(16), plaintiff made it impossible for defendant to file his compulsory counterclaim within the limitations period. At this point, we cannot know which party is in the right. It may be that defendant has the superior claim but was willing to forgo litigation for magnanimous reasons. Were this Court to hold that N.C.G.S. § 1-52(16) forecloses defendant's compulsory counterclaim, we would encourage plaintiffs in future cases to wait until the last moment to file suit as a means of defeating even meritorious compulsory counterclaims. We would also create a perverse incentive for some who would rather not sue to file suit anyway to avoid the risk of finding themselves in defendant's position.

For purposes of the statute of limitations in N.C.G.S. § 1-52(16), the filing of a compulsory counterclaim relates back to the filing of the complaint. We therefore hold that N.C.G.S. § 1-52(16) did not bar defendant's compulsory counterclaim against plaintiff. The decision of the Court of Appeals is hereby reversed, and this case is remanded to that court for remand to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice DIETZ did not participate in the consideration or decision of this case.